FILED
JUL 03 2019
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Charmane Smith, )
)
       Plaintiff, )
)
v. ) Civil Action No. 19-1639 (UNA)
)
Jerrold Nadler *et al.*, )
)
       Defendants. )

## MEMORANDUM OPINION

This matter, filed *pro se*, is before the Court on consideration of plaintiff's application to proceed *in forma pauperis* and her "Civil Complaint." The application will be granted, and this case will be dismissed as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i) (requiring dismissal of the case "at any time" the court determines that it is frivolous).

Plaintiff is a resident of Memphis, Tennessee. She has sued Congressman Jerrold Nadler as Chairman of the House Committee on the Judiciary and four federal judges, including District Judge Emmet Sullivan of this Court, for $140 million. Plaintiff alleges, among other things, that the judges abused their discretion in "dismissing my complaints for 'failing to state a claim,'" *id.* ¶ 3, and that the dismissals were based "on fabricated and specious findings," *id.* ¶ 4. Plaintiff sues Nadler "as Respondent Superior for the dereliction of duty, nonfeasance, misfeasance and malfeasance of the judges named in this action." *Id.* ¶ 1.

An "*in forma pauperis* complaint is properly dismissed as frivolous . . . if it is clear from the face of the pleading that the named defendant is absolutely immune from suit on the claims asserted." *Crisafi v. Holland* 655 F.2d 1305, 1308 (D.C. Cir. 1981). Judges enjoy absolute immunity from suits based on acts taken in their judicial capacity, so long as they have jurisdiction

1

over the subject matter. *Moore v. Burger*, 655 F.2d 1265, 1266 (D.C. Cir. 1981) (per curiam) (citing cases). Consequently, a complaint, such as here, against judges who have "done nothing more than their duty" is "a meritless action." *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *cert. denied* 513 U.S. 1150 (1995); *see accord Caldwell v. Kagan*, 777 F. Supp. 2d 177, 179 (D.D.C. 2011) (finding "claims against the district and court of appeals judges . . . patently frivolous because federal judges are absolutely immune from lawsuits predicated, as here, for their official acts"). It is clear from the face of the complaint that Nadler also enjoys immunity. Plaintiff's allegation is nonsensical. Construed liberally, however, it faults Nadler for "lawmaking activities" that are fully protected by the Constitution's Speech or Debate Clause, U.S. Const. art. I, § 6, cl. 1. *Chastain v. Sundquist*, 833 F.2d 311, 313 (D.C. Cir. 1987); *see id.* at 314 ("actions taken in committee hearings, proceedings, and reports, or by vote . . . fall within the constitutional zone of protection") (citations omitted)).

For the foregoing reasons, the court will dismiss this case with prejudice. *See Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996) (per curiam) ("A dismissal with prejudice is warranted . . . when a trial court 'determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'") (quoting *Jarrell v. United States Postal Serv.*, 753 F.2d 1088, 1091 (D.C. Cir. 1985) (emphasis omitted)). A separate order accompanies this Memorandum Opinion.

Date: July 2, 2019

United States District Judge

2